**In re HARPER INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 2–81–00630.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Feb. 8, 1982.

Jack R. Pigman, John K. Shubitowski, Columbus, Ohio, for Henry C. Tucker, Jr., and Kenneth M. Levin.

Thomas C. Scott, Columbus, Ohio, for debtor, Harper Industries, Inc.

Nick V. Cavalieri, Columbus, Ohio, for Bank One of Columbus, N.A.

Robert W. Werth, Frederick R. Reed, Columbus, Ohio, for General Motors Corp.

Thomas Rose, O.C.C., Economic Development Adms., Washington, D.C.

H. E. Hogan, District Credit Manager, The Continental Group, Inc., Kathleen Hayes Ransier, China Industries, Columbus, Ohio, Lester A. Ward, Sudden Trucking, Cincinnati, Ohio, creditors committee.

Daniel J. Kersher, Baker & Hostetler, Columbus, Ohio, for Ohio Development Financing Commission.

James Anderson, A & A Unlimited Associates, Columbus, Ohio, creditors.

Cynthia Cummings, Dept. of Justice, Washington, D.C.

Albert R. Ritcher, Asst. U.S. Atty., Columbus, Ohio.

## ORDER ON APPLICATION TO MODIFY ORDER GRANTING AUTHORITY TO USE CASH COLLATERAL

R. J. SIDMAN, Bankruptcy Judge.

Harper Industries, Inc. ("Harper"), debtor and debtor-in-possession in a Chapter 11 case pending in this Court, has filed an application seeking modification of an order entered by the Court on February 27, 1981, permitting, by consent of the parties, the

use of cash collateral. It is important to note that while the February 27, 1981, order was executed by the Court, the terms of that order were negotiated and agreed to by the various parties in interest, including Harper and various creditors holding an interest in cash collateral, and the entering of the order was not a result of the exercise of the traditional function of judicial fact finding and legal conclusion.

Harper seeks to modify the February 27th order by deleting the following paragraph which was contained in that order:

"The corporate responsibility for accounting and control of all funds and all accounts receivable shall be in the exclusive control of the accountant for the debtor, Alexander Grant and Company, and the corporate controller, Kenneth Levin. The corporate responsibility for all other phases of management including but not limited to purchasing, shipping, production and inventory control shall be in the exclusive control of Henry Tucker."

At the time of the February 27th order, Harper had employed Henry Tucker ("Tucker") as its president and chief operating officer and had employed Kenneth Levin ("Levin") as its controller. Since that time, and as the record has made abundantly clear, there has been a substantial disagreement between Tucker and Levin on the one hand, and the Board of Directors of Harper on the other hand, with respect to certain management and operating decisions involving the company business. Also, Tucker, who formerly was on the Board of Directors but resigned in September, 1981, has become the proponent of a proposed plan of reorganization for Harper and is thus viewed by the Board of Directors as an adversary because it wishes to promote its own competing plan. As a result of this conflict, the Board of Directors, in essence, has requested that this Court approve a change in the corporate responsibility assigned to Tucker and Levin under the cited paragraph of the cash collateral order and sanction the replacement of Tucker and Levin with the highly-credentialed managers already hired by previous action of the Board. The Board of Directors seeks to be free to implement its corporate policy without interference from Tucker and Levin. Tucker and Levin, on the other hand, seek shelter under the terms of the February 27th order and take the position that that order vests management and operating decisions with them to the exclusion of the Board of Directors.

The present application to modify the cash collateral order has been opposed by Tucker and Levin, by General Motors Corporation, the largest unsecured creditor of Harper, the largest customer of Harper, and its largest supplier, and a party to the original cash collateral order, by Bank One of Columbus, NA, a party holding an interest in the cash collateral of the debtor, and a party to the original cash collateral order, and by the United States of America, Economic Development Administration, also a party to the original cash collateral order.

The present application to modify the cash collateral order was orally amended at the time of hearing to additionally request that the "floor" on the value of current assets which was set at $823,557.03 be increased to $1,029,446.00. While this modification would appear to only benefit (rather than harm) the interests of the parties otherwise consenting to the February 27th order, this Court, because of the manner in which the application is otherwise disposed of in this order, makes no finding on this matter.

The core of the current dispute revolves around the question of who is presently in charge of running Harper's business. There are certain aspects of the present application, as well as another currently pending application of Tucker and Levin for "instructions" with respect to the cash collateral order, which suggest that the Court could or should become involved in judging the relative merits or demerits of certain management and operating decisions made by the presently competing interests, namely, the current management team of Harper represented by Tucker and Levin, and the Board of Directors of Har-

per represented mainly by Sanford Harper. To put it as succinctly as possible, this Court will not engage in a process which calls for judicial exercise of business judgments on matters pertaining to the management or operation of Harper. This Court has neither the expertise nor, perhaps, the authority to do so. This statement is only tempered to the extent that an otherwise legitimate exercise of the judicial function, as authorized by statute or legal precedent, is inextricably interwoven with such business judgments. See 11 U.S.C. § 1104. While this Court is a court of equity, it is not a proper use of its powers under § 105 of the Bankruptcy Code to become, in effect, the arbiter in internal management disputes.

It is apparent to the Court that the entry of the February 27th cash collateral order was accomplished only because of the consent, at that time, of all parties in interest to all of the terms of the order. It is now apparent that the consent of Harper, represented by the subsequent actions taken by its Board of Directors, and the consent of General Motors Corporation, Bank One of Columbus, NA, and the Economic Development Administration, have all been withdrawn. The February 27th cash collateral order did not, in this Court's opinion, affect the general right and authority, and obligation, of the Board of Directors of Harper to run the business of Harper Industries, Inc. In Ohio, the general corporation law specifically provides that all the authority of the corporation shall be exercised by its directors and that the corporation's authority, the conduct of its affairs, and the control of its property are in the hands of and exercised by its Board of Directors. See, generally, 11 O.Jur.3d, *Business Relationships*, § 372. Nothing contained in § 1108 of the Bankruptcy Code (cited as supporting authority for the position of the Tucker/Levin interest) suggests otherwise and, unless and until the provisions of § 1104 of the Bankruptcy Code (involving the appointment of a trustee or examiner in a Chapter 11 case) are invoked by a party in interest and ruled upon by the Court, or until the Court might specially

order otherwise, the pendency of a bankruptcy case does not affect these rights of a Board of Directors. It is not material that the financial condition of the company has improved under its present management. Replacement of management remains the prerogative of the Board of Directors (and ultimately the stockholders), and unless impeded by a court order initiated by action of its creditors (who should be vitally concerned not only with the general financial rehabilitation of this company, but also with the specific effect the current dispute has upon their rights), the Board is free to exercise that prerogative. It should be noted that while a Creditors' Committee was appointed by this Court at the commencement of this case, no discernible action has been taken by it to intervene in this matter and assert its statutorily-granted rights. See 11 U.S.C. § 1103.

Having made these observations, the Court must now consider whether or not the application of Harper to modify the cash collateral order has merit. This Court considers that the cash collateral order of February 27, 1981, as periodically extended during the course of this Chapter 11 case, is presently void and without effect in its entirety because of the withdrawal of the necessary consents which caused its issuance in the first place. Because all the terms of the February 27th order were specifically bargained for by all the consenting parties, and because this Court cannot now determine whether any one of the terms was considered so vital that its absence would have negated the consent of any one of the parties to the order, the Court will not now impose a modified cash collateral order upon such parties over the objection and opposition of any party in interest. This Court will not speculate on whether a newly negotiated cash collateral order can now be agreed to by the parties in interest, and this Court makes no finding on whether or not the terms of the cash collateral order entered on February 27, 1981, would satisfy the "adequate protection" test contained in § 361 of the Bankruptcy Code. This Court merely finds that the February 27th order

cannot continue to remain in force and effect without the continuing consents which created it. The Court thus finds the authority of Harper to use, sell or lease cash collateral, insofar as it rested on the consents of the parties and the February 27th order, has been terminated.

Based upon this finding, the Court hereby determines that the application of Harper to modify the cash collateral order of February 27, 1981, is without merit and it is hereby denied.

IT IS SO ORDERED.